J. N. BENTON, ADMINISTRATOR OF WILLIAM B. BENTON, v. NORTH CAROLINA PUBLIC-SERVICE CORPORATION.

(Filed 15 April, 1914.)

**Electricity—Wires Through Trees—Boys—Trials—Negligence—Contributory Negligence—Trespass.**

An electric company is presumed to know the likelihood that boys will climb trees with low hanging branches on populous streets of a city, through which its highly charged wires run,

and is held to exercise that high degree of care required of those who engage in a business of such dangerous character; and where an immature boy is killed by coming in contact with such wires, where the insulation has been rubbed off, of which the company had had previous actual notice, or notice implied from the length of time such condition had been permitted to exist, contributory negligence is not imputable to the intestate, in an action for damages brought by his administrator; nor was the intestate in any respects a trespasser, and the company is responsible for the negligent killing.

APPEAL by defendant from *Lane, J.,* at January Term, 1914, of GUILFORD.

Civil action. These issues were submitted:

1. Was the plaintiff's intestate killed by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: $2,000.

From the judgment rendered, the defendant appealed.

*John A. Barringer for plaintiff.*
*J. I. Scales for defendant.*

BROWN, J. All the evidence in this case was introduced by the plaintiff and none by the defendant. The two exceptions to the evidence are without merit and need not be discussed. Without considering *seriatim* the several exceptions to the charge of the court, the merits of the appeal, and the only point presented by it, may be considered under the motion to nonsuit.

The evidence tends to prove that the plaintiff's son, 12 years old, and not well grown for his age, was killed on 22 June, 1909, by coming in contact with an uninsulated high-power wire of the defendant, carrying some 2,300 volts of electricity. The boy was attending a Sunday-school party on Eugene Street, one of the main thoroughfares of the city of Greensboro, with some other boys, and when they got through with the entertainment in the house, went out on the street and were standing around on the sidewalk under and near to the tree in which the intestate of the plaintiff was killed.

Two other boys besides the intestate of the plaintiff climbed up the tree, and three or four more were standing around the tree on the sidewalk. The intestate of the plaintiff came in contact with the wires in the tree, one of them burning his hand and the other his left leg as if a hot iron had been run across the flesh.

The other boys in the tree were not injured. The wires were exposed from 1½ to 2 feet in the trees and were about 20 feet above the ground. The insulation was rubbed off by the limbs coming in contact with the wires and rubbing against them. The tree was between 30 and 40 feet in height, and the limbs came within 7 feet of the ground, making it an easy tree to climb.

The evidence also tended to prove that Eugene Street is a thickly settled and populous street, and that the defendant's wires along this street were in very bad condition as to insulation, especially where they passed through the trees, and that at night especially the wires in this and the other trees near-by could be seen "sparking."

The evidence is that this condition existed from 1907 up to this occurrence. The city inspector also called the defendant's attention to the condition of its wires on Eugene Street two or three times some time previous to June, 1909, but the wires were not repaired.

We do not think it necessary to appeal to the doctrine of *res ipsa loquitur* to sustain the verdict in this case. It has no application, since the cause of the death is not disputed, and the negligence of the defendant in respect to the condition of its wires not at all in doubt.

The only question here presented under the undisputed evidence relates to the liability of the defendant under such state of facts for the death of the intestate. Was there a breach of duty committed, which defendant owed the plaintiff's son?

It is well settled by the decision of this and other courts that those who deal in electricity, and furnish it for use, are held to the highest degree of care in the maintenance and inspection of their wires through which the electric current passes.

The general subject is fully discussed by *Mr. Justice Walker* in *Ferrell v. Cotton Mills,* 157 N. C., 528, and many cases cited where recoveries have been sustained for the death of children caused by coming in contact with such wires.

It is immaterial to consider whether the boy killed was a trespasser. He certainly was not trespassing upon any property of the defendant. He was one of the general public who had a right to expect that the defendant would keep its wires in a reasonably safe condition. Besides, he was a child of immature years, who could not reasonably be expected to appreciate the danger of approaching electric light wires, and could not exercise that care which a mature person would exercise.

The case of *Temple v. Electric Light and Power Co.,* 10 A. and E. Ann. Cases, 924, is practically on all-fours with this case.

That case holds that an electric light company is liable for injury resulting to a boy by coming in contact with an uninsulated wire while climbing a tree, whose branches extended close to the ground, and through which the wire passed, as the company might reasonably expect small boys to climb such trees, from their immemorial habit of doing so, and that the company must take notice of such habit in insulating its wires as safely as is practicable and use the highest measure of care and skill to prevent injury.

This language is used in the opinion: "It is perfectly idle for the appellee to insist that it was not bound to have reasonably expected to have the small boys of the neighborhood climb that sort of a tree. The fact that a boy would very likely climb such a tree as it was, was a fact that according to every principle of law and sound common sense this company must have appreciated. The immemorial habit of small boys to climb little oak trees with small branches reaching almost to the ground is a fact of which a corporation must take notice."

While the decisions are not in accord upon the question of the duty and liability to children of electric light companies, who maintain highly charged wires, the principle announced in the aforesaid case finds support not only in reason and a sound policy, but in a number of decided cases. *Electric Light Co. v.*

*Healy,* 65 Kan., 798; *Daltry v. Electric Light Co.,* 208 Pa. St., 403; *Nelson v. Lighting Co.,* 75 Conn., 548; *Mullen v. Electric Co.,* 229 Pa. St., 54.

It is useless to discuss the exceptions to the charge, for in our · view the court might well have instructed the jury that if the evidence in any view of it is to ·be believed, the· defendant was guilty of negligence, which was the proximate cause of the death of the plaintiff's intestate.

No error.