MARSHALL A. HELMS, ADMINISTRATOR, v. CITIZENS LIGHT AND POWER COMPANY, CALDWELL POWER COMPANY ET AL.

(Filed 31 December, 1926.)

**Negligence—Electricity—Dangerous Instrumentalities—Due Care — Evidence—Nonsuit.**

A great degree of care must be exercised by those engaged in the transmission of wires carrying a high and deadly current of electricity used in their business, commensurate with the danger caused to others thereby; and where there is evidence on the trial to recover damages for an injury negligently causing death to plaintiff's intestate, that the de-

fendant had not used instrumentalities provided by other like companies under the circumstances, it is sufficient to take the case to the jury and deny the defendants' motion as of nonsuit.

APPEAL by defendant, Caldwell Power Company, from *Stack, J.,* at February Term, 1926, of UNION.

Civil action to recover damages for the death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendant, Caldwell Power Company, in failing properly to guard one of its high-powered electrical transmission wires or in negligently constructing the same over the telephone wires of the Lenoir Electric Company, in consequence of which the two wires, both being uninsulated, came in contact with each other and caused a deadly current of electricity to be transmitted from the defendant's highly charged wires over and along the telephone wires of the Lenoir Electric Company and into the body of plaintiff's intestate, causing instant death.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the plaintiff's intestate injured and killed by the negligence of the defendant, Caldwell Power & Light Company, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff's intestate by his own negligence contribute to his injury and death, as alleged in the answer? Answer: No.

"3. What damages, if any, is the plaintiff entitled to recover of the defendant, Caldwell Power & Light Company? Answer: $6,122.67."

From a judgment on the verdict for plaintiff, the defendant, Caldwell Power Company, appeals, assigning errors.

*Vann & Milliken for plaintiff.*

*W. C. Newland, Mark Squires, Gillam Craig and Plummer Stewart for defendant, Caldwell Power Co.*

STACY, C. J.   Evidence was offered on the hearing in support of plaintiff's allegations of negligence, tending to show:

1. That plaintiff's intestate was a lineman employed by H. R. Cook in the construction of, or in adding new wires to, a telephone line from Lenoir to Blowing Rock, belonging to the Lenoir Electric Company.

2. That while engaged in the performance of his duties as said lineman, plaintiff's intestate was killed by reason of the escape of a high voltage of electricity from the transmission line of the defendant, Caldwell Power Company, on to the telephone line of the Lenoir Electric Company, which instantly came in contact with the body of plaintiff's intestate and thereby caused his death.

3. That at the place where plaintiff's intestate was killed, the power line crosses over the telephone line in a narrow valley, and on each side of this valley the hills rise sharply to an elevation which causes the telephone poles to reach practically to the same height as that of the power line, although the power line, where it crosses the telephone line, is some eight or ten feet above the pole to which the telephone wires are tied in the valley. But if one of the telephone wires should break loose from the pole in the valley it would be liable to, and in the instant case did, fly up and strike the transmission wire of the Caldwell Power Company. This telephone line had been in existence for thirty years or more, while the defendant's power line had only recently been constructed, and plaintiff's intestate was engaged in stringing new telephone wires across the valley and was about two poles away from the power line when he received the deadly shock.

4. That no net or bridge or other means of protection was used at this "crossing" to keep the telephone wires from being drawn up or from flying up, and striking the transmission wires of the defendant, or to protect the lower wires in case the transmission wire should burn in two and fall, as is in general and customary use.

Upon these, the facts chiefly pertinent, viewing them in their most favorable light for the plaintiff, the accepted position on a motion to nonsuit, we think his Honor correctly ruled that the case was one properly to be submitted to the jury. The situation was unusual, and the twelve might well have concluded, as they did, that the defendant failed to exercise sufficient prevision to exclude liability for injury resulting to plaintiff's intestate under the abnormal conditions here presented. Note, 14 A. L. R., 1023 et seq.

Electric companies are required to use reasonable care in the construction and maintenance of their lines and apparatus. The degree of care which will satisfy this requirement varies, of course, with the circumstances, but it must always be commensurate with the dangers involved, and where the wires maintained by a company are designed to carry a strong and powerful current of electricity, the law imposes upon the company the duty of exercising the utmost care and prudence consistent with the practical operation of its business, to avoid injury to those likely to come in contact with its wires. 9 R. C. L., 1200.

Negligence is doing other than, or failing to do, what a reasonably prudent man would have done under the same or similar circumstances. In short, negligence is a want of due care; and due care means commensurate care, under the circumstances, tested by the standard of reasonable prudence and foresight. Moore v. Iron Works, 183 N. C., 438. When such negligent breach of duty is the proximate cause of an injury, liability attaches therefor under the law. Ramsbottom v. R. R., 138 N. C., 41.

The question of liability has been so fully and satisfactorily discussed in the recent case of *McAllister v. Pryor,* 187 N. C., 832, opinion by *Associate Justice Clarkson,* that we deem it unnecessary to do more than refer to this decision, as authority for the correctness of the position that the motion for judgment as of nonsuit was properly overruled. *Shaw v. Public Service Corp.,* 168 N. C., 611; *Benton v. Public Service Corp.,* 165 N. C., 354; *Turner v. Power Co.,* 154 N. C., 131; *Mitchell v. Electric Co.,* 129 N. C., 166.

The remaining exceptions call for no extended discussion. They relate to the admission and exclusion of evidence, and there is one directed to a portion of the charge, but, after a careful scrutiny of the record, we are of opinion that they should be resolved in favor of the validity of the trial.

An involuntary judgment of nonsuit was entered as to all the defendants except the Caldwell Power Company, but the correctness of this ruling is not before us for review. The plaintiff has not appealed.

The verdict and judgment will be upheld.

No error.