JOHN WARD AND WIFE, BONITA LOUISE WARD v. CITY OF
CHARLOTTE, A MUNICIPAL CORPORATION

No. 7926SC1093

(Filed 29 August 1980)

1. **Municipal Corporations § 21– adoption of sewer line constructed by another –
duty of maintenance**

   A municipal corporation which adopts sewer lines constructed by third
   persons becomes responsible for maintenance and liable for injuries result-
   ing from lack of due care in upkeep. This duty of maintenance includes the
   duty of exercising a reasonable degree of watchfulness so as to keep the
   sewerage system free from obstruction, but liability may only arise where
   the municipality has actual or constructive notice of an obstruction or defect
   and fails to act.

2. **Municipal Corporations § 21; Negligence § 6.1– backflow of sewerage line – res
ipsa loquitur inapplicable**

   The doctrine of *res ipsa loquitur* was inapplicable in an action against
   defendant city to recover damages caused by the backflow of sewage into
   plaintiffs' home where the evidence disclosed that the immediate cause of
   the backflow was obstruction of a lateral sewerage line by foreign objects,
   which obstruction in turn likely resulted from the slippage of a joint of pipe
   when a bell broke, since the fact that an obstruction occurred or that a pipe
   dropped because of a broken bell does not exclude all inferences other than
   the inference that defendant was negligent.

3. **Municipal Corporations § 21– backflow of sewerage line – obstruction in line –
failure to show negligence by city**

   In an action against defendant city to recover damages caused by the
   backflow of sewage into plaintiffs' home, plaintiffs' evidence was insufficient
   to be submitted to the jury on the issue of defendant's negligence in failing
   properly to maintain, inspect and repair the sewer line serving their home
   where it tended to show that the immediate cause of the backflow was an
   obstruction of the line by foreign objects, which obstruction in turn likely
   resulted from the slippage of a joint of pipe caused by a broken bell, and that
   defendant city may not have inspected or cleaned the sewer lines serving
   plaintiffs' home between October 1974 when defendant accepted the system
   upon annexing the area and November 1976 when the backflow occurred,
   but plaintiffs offered no evidence to show that the broken bell causing the
   pipe to drop or the obstruction in the line had been present for a sufficient

period of time so as to place defendant city on notice of the defects or to show that an inspection would have disclosed their presence.

4.  Municipal Corporations § 21– backflow from sewerage line – action against city – contract, implied warranty and trespass theories inapplicable

    Theories of breach of contract to carry sewage away from plaintiffs' home, breach of implied warranty that the sewerage system was fit for its intended purpose and trespass on the case were inapplicable in an action against defendant city to recover damages caused by the backflow of sewage into plaintiffs' home, since negligence is the sole basis of municipal liability for damages caused by the overflow of a sewerage system.

APPEAL by plaintiffs from *Howell, Judge.* Judgment entered 30 July 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 May 1980.

This is an action against the City of Charlotte to recover damages caused by the backflow of sewage into a private home.

Plaintiffs are the owners of a house and lot located on Foxworth Drive in Olde Providence subdivision in Charlotte, N.C. On 18 October 1974 the City of Charlotte annexed an area which included plaintiffs' property, and assumed maintenance responsibility for the sewage system in the subdivision which a private developer had originally constructed. Thereafter, plaintiffs utilized municipal water and sewer services. On 22 November 1976, 980 gallons of raw sewage backed up into the plaintiffs' home from a sewer line maintained by the City, causing extensive damage to plaintiffs' personal property and to the home itself. By letter dated 29 November 1976, plaintiffs gave notice of a claim for damages to the City of Charlotte, but the City refused to pay the claim.

On 12 November 1977 plaintiffs filed this action against defendant City of Charlotte to recover damages. In their complaint they alleged that the backflow had occurred as a proximate result of defendant's negligent failure properly to inspect, maintain, repair and keep unobstructed the sewer line serving their home. Plaintiffs also alleged the existence and breach of a continuing contract between the parties under the terms of which the City agreed to carry sewage away from plaintiffs' house and lot in exchange for monthly payments. As additional claims for relief, plaintiffs alleged that the backflow of sewage

into their home constituted a breach of the City's implied warranty of the fitness of its sewerage system and they pled trespass "on the case." Plaintiffs prayed recovery of $6,511.81 plus interest.

Defendants answered the complaint, admitting that the backflow had occurred and that damage had resulted, but denying any liability for breach of contract, breach of implied warranty, negligence, or trespass.

At trial before a jury defendant moved for a directed verdict at the close of plaintiffs' evidence, which motion was granted. Evidence pertinent to the question presented on this appeal will be discussed in the opinion. From judgment granting defendant's motion for a directed verdict, plaintiffs appealed.

*Newitt & Bruny by Richard M. Koch for plaintiff appellants.*

*Jones, Hewson & Woolard by Harry C. Hewson and Hunter M. Jones for defendant appellee.*

PARKER, Judge.

In their complaint, plaintiffs sought recovery of damages on the grounds of negligence, breach of contract, breach of an implied warranty of fitness, and trespass "on the case." Their appeal from the trial court's granting of defendant's motion for directed verdict presents the question whether their evidence, viewed in the light most favorable to them, was sufficient to justify a verdict in their favor on any of these grounds. We agree with the trial court that it was not and accordingly affirm.

It is, of course, well settled that in passing on a motion by defendant for a directed verdict in a jury case, the court must consider the evidence in the light most favorable to the plaintiff and may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). The evidence in the present case, viewed in the light most favorable to the plaintiffs, shows the following:

The sewerage system in the area in which plaintiffs reside was originally installed by a private developer. The City of Charlotte accepted the system for maintenance on 18 October 1974. Insofar as it affects plaintiffs' home on Foxworth Drive, the system consists of three lateral sewage lines which intersect at a manhole one block above the home and directs the sewage from other parts of the residential area into an eight-inch lateral line which runs down beside plaintiffs' house in a generally north-south direction perpendicular to Foxworth Drive. Plaintiffs' home is connected to the eight-inch lateral line by a four-inch pipeline. The lateral line then continues and intersects into a manhole on the main line on Foxworth Drive in front of the home. Although the level of plaintiffs' house is about three feet higher than the elevation of that manhole, it is lower than the manholes upstream from plaintiffs' home on the eight-inch lateral line to which the four-inch line from plaintiffs' home is connected.

On 22 November 1976, Bonita Ward arrived at the parties' home and discovered sewage flowing out of the back door. Raw sewage backflowed into the house through two of the bathrooms in the house and flooded a substantial portion of the first story in the house causing extensive damage. John Ward contacted the Charlotte-Mecklenburg Utility Department, and city crews arrived that afternoon to help clear the sewage. The emergency crew inspected the line and discovered "a rock approximately baseball size and a small handful of what appeared to be plumber's yarn" in the lateral line running beside the house. The following day, a city crew dug a hole a few feet south of the southerly margin of Foxworth Drive in front of plaintiffs' house to determine what caused the partial blockage and found one joint of pipe in the lateral line which had dropped approximately two inches as the result of a broken bell.

Prior to 22 November 1976, plaintiffs had never experienced any problems with their own sewerage system. Occasionally, the manhole below the house on Foxworth Drive had overflowed, and city employees had washed the street down with water. Plaintiffs' expert witness, Ralph D. Johnson, Jr., a civil engineer, testified that overflow from that manhole could not have been caused by any blockage in the lateral line run-

ning on the side of plaintiffs' house, but rather would have been caused by a stoppage downstream the line on Foxworth Drive. Neither of the plaintiffs ever saw any city employees inspect or clean the sewer lines servicing their home. Because its record system was not comprehensive enough in the period prior to November 1976 to permit retrieval of such information, the City of Charlotte showed no record of inspection or cleaning of the system in plaintiffs' area before the sewage backflow into plaintiffs' home occurred, although the City does periodically clean any system accepted for maintenance.

Plaintiffs' expert witness, who works for an engineering firm specializing in sanitary engineering, testified that, in his opinion, a municipality should inspect lines at least every two or three years, which would include an inspection of the manholes and the lines leading from any manhole which the city has reason to believe are in need of attention. If the sewage flow is sluggish in a particular line, a procedure known as "lamping," by which lights are shone through opposite ends of the pipe, should be used. There is also a method of inspection using t.v. cameras, although that method is expensive and time consuming. Mr. Johnson testified that he had no personal knowledge as to how many feet along plaintiffs' line it would have been possible to see had the lamping procedure been used.

[1] We hold as a matter of law that plaintiffs' evidence establishes that they have no basis for relief and that the directed verdict for defendant was properly entered. The general rule is that a municipal corporation which adopts sewer lines constructed by third persons becomes responsible for maintenance and liable for injuries resulting from lack of due care in upkeep. *Johnson v. Winston-Salem*, 239 N.C. 697, 81 S.E. 2d 153 (1954), *accord, Hotels, Inc. v. Raleigh*, 268 N.C. 535, 151 S.E. 2d 35 (1966). The duty of maintenance includes the duty of exercising a reasonable degree of watchfulness so as to keep the sewerage system free from obstruction. *Hotels, Inc. v. Raleigh, supra.* However, a municipal corporation is not an insurer of the condition of its sewerage system, and liability may only arise where the municipality has acutal or constructive notice of the existence of an obstruction or defect and fails to act. *See* 18 McQuillin, Municipal Corporations, § 53.125, p. 466 (1977); *Printing Co. v. Raleigh*, 126 N.C. 516, 36 S.E. 33 (1900).

[2] In the present case, plaintiffs alleged that defendant was negligent in failing properly to maintain, inspect, and repair the sewer line serving their home. They contend that because the City's sewer lines are buried beneath the ground and are hidden from view, the doctrine of *res ipsa loquitur* should be applied here such that the mere evidence that the backflow occurred is sufficient to establish their prima facie case and to place upon the defendant the burden of producing evidence to explain the occurrence. We do not agree. The doctrine of *res ipsa loquitur* is a mode of proof applicable in cases where the nature of the accident or occurrence is by itself sufficient evidence of negligence to establish the plaintiff's prima facie case. *Young v. Anchor Co.*, 239 N.C. 288, 79 S.E. 2d 785 (1954). The doctrine is applicable only where the instrumentality causing the damage is shown to be under the exclusive management and control of the defendant and the accident is one which in the ordinary course of events does not happen if those in control use proper care. *O'Quinn v. Southard*, 269 N.C. 385, 152 S.E. 2d 538 (1967). It is not applicable where all the facts causing the occurrence are known and testified to at trial; where more than one inference can be drawn from the evidence as to the cause of the injury; or where the existence of negligent default is not the more reasonable probability. *Lea v. Light Co.*, 246 N.C. 287, 98 S.E. 2d 9 (1957).

Even if it be conceded that the City of Charlotte exercised exclusive control over its sewer lines, all of the facts causing the backflow in the present case were known and were testified to at trial. The evidence disclosed that the immediate cause was obstruction of the lateral sewerage line by foreign objects, which obstruction in turn likely resulted from the slippage of a joint of pipe. Further, the fact that an obstruction occurred or that a pipe dropped because of a broken bell does not exclude all inferences other than the inference that the defendant was negligent as plaintiffs alleged. For these reasons the doctrine of *res ipsa loquitur* is inapplicable here, and it was necessary for plaintiffs to establish their prima facie case of negligence by direct proof. This they failed to do.

[3] In support of their allegation that defendant was negligent in failing properly to inspect and to repair the sewer lines in their area, plaintiffs offered expert testimony concerning inspection procedures which municipalities should use and evi-

Ward v. City of Charlotte

dence that the City of Charlotte had no means of retrieving records to ascertain whether the system had been inspected or cleaned prior to the sewage backflow on 22 November 1976. In spite of the absence of such records, there is evidence in the record that any sewerage system accepted by the City for maintenance receives periodic cleaning. Assuming *arguendo* that the sewer lines serving plaintiffs' home had not been inspected or cleaned between October 1974 when defendant accepted the system for maintenance and November 1976 when the incident occurred, plaintiffs still have offered no evidence to show that the broken bell causing the pipe to drop or the obstruction in the line had been present for a sufficient period of time so as to place the City on constructive notice of the defects or to show that an inspection would have disclosed their presence. Although plaintiffs' evidence showed that overflows from the manhole in front of their home had occurred on occasion, there was uncontradicted testimony that such overflows would have been caused by stoppages downstream from the manhole, in a line separate from that through which the sewage eventually backflowed into plaintiffs' house. Upon this record, no prima facie case of negligence has been shown.

[4] In addition to their claim based on negligence, plaintiffs also sought relief on the ground of breach of defendant's "contract" to carry sewage away from their home, breach of an implied warranty that the sewerage system was fit for its intended purpose, and trespass on the case. In accord with the prevailing rule that the sole basis of municipal liability for damages caused by the overflow of a sewerage system is negligence, *see* Annot. 59 A.L.R. 2d 281, § 2, p. 288 (1958), we hold that none of these grounds afford plaintiffs the right to relief. The application of any one of them to a case such as is presented here would effectively make a municipality an absolute insurer of the condition of its sewerage system. This we decline to do.

The judgment appealed from granting defendant's motion at the close of plaintiffs' evidence for a directed verdict is

Affirmed.

Judges HEDRICK and VAUGHN concur.