NICHOLSON v. COUNTY OF ONSLOW

[116 N.C. App. 439 (1994)]

———

DAISY K. NICHOLSON, Plaintiff v. COUNTY OF ONSLOW and CITY OF JACKSONVILLE, Defendants

No. 934SC1092

(Filed 20 September 1994)

**Negligence § 150 (NCI4th)— slip and fall—twig on sidewalk— no defective conditions—defendants not on notice**

The trial court properly granted summary judgment for defendants (city and county) in plaintiff's action to recover for personal injuries sustained when she fell on a sidewalk at a county courthouse where plaintiff alleged that a twig was on the sidewalk and she thought it caused her fall, but plaintiff offered no evidence that the twig was a dangerous condition upon the walkway; furthermore, plaintiff failed to allege that either of defendants was on notice of the condition.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 675 et seq.; Negligence §§ 458 et seq., 502, 503; Premises Liability § 29.**

**Necessity and sufficiency of plaintiff's pleading of having given requisite notice or presented claim to municipality or other public body. 83 ALR2d 1178**

Appeal by plaintiff from orders entered 30 August 1993 by Judge D. Jack Hooks, Jr., in Onslow County Superior Court. Heard in the Court of Appeals 24 August 1994.

*Lanier & Fountain, by Keith E. Fountain and Farra D. Shaw, for plaintiff appellant.*

*Strader and Ballard, by Ann B. Strader, for Onslow County, defendant appellee.*

*Crossley McIntosh Prior & Collier, by Clay A. Collier and Sharon J. Stovall; and Warlick, Milsted, Dotson & Carter, by Marshall F. Dotson, Jr., for City of Jacksonville, defendant appellee.*

COZORT, Judge.

Plaintiff commenced this action against Onslow County on 30 April 1992 seeking recovery of damages for personal injuries. The City of Jacksonville was joined as a defendant on 22 January 1993. Both defendants filed motions for summary judgment which were granted on 30 August 1993. Plaintiff appeals, contending that the trial court erred in granting summary judgment. We affirm on the basis that the plaintiff was not able to show that she would be able to prove two essential elements of her case: (1) that there was a defect which caused her fall; and (2) that either defendant was put on notice of a dangerous condition upon the walkway.

On 11 February 1991, plaintiff went to the Onslow County Courthouse Complex, accompanied by Eva Bennett, in order to pay her taxes and check property records at the Register of Deeds. As they departed the courthouse, neither the plaintiff nor Ms. Bennett noticed any debris on the walkway. The plaintiff slipped and fell, breaking her wrist. Immediately following the fall, Ms. Bennett noticed a twig in the walkway that she assumed caused plaintiff's fall. Ms. Bennett described the twig as being "larger than a cigarette and smaller than a cigar." The plaintiff did not observe the twig until after the fall. She stated later that the twig was between six and eight inches long. Neither the plaintiff nor Ms. Bennett could state conclusively that the twig caused the plaintiff to fall. Plaintiff brought this suit seeking damages from both the city and the county.

Rule 56 of the North Carolina Rules of Civil Procedure provides that summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The rule further states that,

when a motion for summary judgment is made, an adverse party may not rest upon the mere allegations of its pleadings. A response, by affidavits or as otherwise provided by Rule 56, must set forth specific facts showing that there is a genuine issue for trial. N.C. Gen. Stat. § 1A-1, Rule 56(e) (1990).

To withstand a motion for summary judgment in this slip and fall case, the plaintiff must prove: (1) she fell and sustained injuries; (2) the proximate cause of the fall was a defect in or condition upon the sidewalk; (3) the condition was of such nature that a reasonable person, knowing of its existence, should have foreseen that if it continued, some person using the sidewalk in a proper manner would be likely to be injured by reason of such condition; and (4) the defendant had actual or constructive notice of the existence of the condition for a sufficient time prior to the plaintiff's fall to remedy the defect or guard against injury therefrom. *Cook v. Burke Co.*, 272 N.C. 94, 97, 157 S.E.2d 611, 613 (1967). In the present case, plaintiff failed to offer evidence that her injury was caused by a defect or that the city and county were on notice of any defective condition upon the walkway.

While we have recognized that summary judgment is a drastic remedy, a defendant can prevail on a motion for summary judgment by showing that the plaintiff will not be able to prove an essential element of her claim. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992). In *Roumillat*, the plaintiff slipped on a greasy substance and fell in a restaurant parking lot. The defendant moved for summary judgment when the plaintiff offered no evidence that the defendant was on notice of the condition. The plaintiff offered no affidavits nor any other material in response to the summary judgment motion. In upholding the order of summary judgment, the Supreme Court held that once the defendant shows the plaintiff's inability to prove an element, the burden shifts to the plaintiff for a contrary showing. *Roumillat*, 331 N.C. at 64, 414 S.E.2d at 342. Pleadings alone do not meet the burden for the plaintiff. *Id.* If the plaintiff does not meet this burden, summary judgment is proper.

In the present case, the plaintiff alleged only that the twig was on the sidewalk and that she thought it caused her fall. The plaintiff offered no evidence that the twig was a dangerous condition upon the walkway. One cigar-sized stick is not a defect or a dangerous condition. To require a municipality or county to police all of its sidewalks for cigar-sized twigs is too great a burden to impose. When viewed in

the light most favorable to the plaintiff, her evidence regarding the defect element cannot overcome the summary judgment motion.

Even if a twig could be considered a defect or dangerous condition, the plaintiff has failed to allege that either of the defendants was on notice of the condition. Plaintiff's counsel admitted to the trial court that he was unable to find any evidence to prove this essential element. Plaintiff's mere allegation in her pleadings that the defendants were on notice of any defect is not enough to overcome the summary judgment motion. Allegations contained in pleadings must be supported by affidavits or other evidence in order to amount to the contrary showing required by *Roumillat*. Because the plaintiff could not forecast any proof of notice, summary judgment was proper. The trial court is

Affirmed.

Judges EAGLES and LEWIS concur.