SHOOK v. LYNCH & HOWARD, P.A.

[150 N.C. App. 185 (2002)]

DANA E. SHOOK, Plaintiff v. LYNCH & HOWARD, P.A., THOMAS M. MILLER,
MAYLON E. LITTLE, and HOMER G. DUNCAN, JR., Defendants

No. COA01-321

(Filed 7 May 2002)

**Accountants and Accounting— summary judgment—account-
ants' valuations**

The trial court did not err in a negligence case by granting
summary judgment in favor of defendant accountants and
accounting firm arising out of defendants' business valuations of
the companies of plaintiff's husband for plaintiff's equitable dis-
tribution proceedings, because: (1) plaintiff failed to offer evi-
dence of the proper standard of care by introducing affidavits of
individuals experienced in accounting and familiar with the
standard of care owed by an accountant; and (2) plaintiff failed to
allege or forecast the value of her injury or how defendants'
breach of their duty to her proximately caused her injury.

Appeal by plaintiff from order entered 13 December 2000 by
Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in
the Court of Appeals 23 January 2002.

*Burford & Lewis, PLLC, by Robert J. Burford, for plaintiff-
appellant.*

*Boyce & Isley, PLLC, by Eugene Boyce, for defendant-appellee
Homer G. Duncan.*

*Schiller Law Firm, by Marvin Schiller, for defendant-appellees
Lynch & Howard and Maylon E. Little.*

*Shanahan Law Group, by Kiernan Shanahan, for defendant-
appellee Thomas Miller.*

HUDSON, Judge.

Plaintiff appeals an order granting defendants' motion for sum-
mary judgment. Initially, plaintiff assigned as error multiple orders,
including: (1) the denial of plaintiff's motion for findings of fact, (2)
the granting of defendants' motions to amend, and (3) the granting of
defendants' motions for summary judgment and judgment on the
pleadings. Plaintiff's sole argument on appeal concerns the granting
of defendants' motion for summary judgment; thus, pursuant to Rule

10 of the North Carolina Rules of Appellate Procedure (1999), all other assignments of error are deemed abandoned. We affirm.

In her complaint, Dana E. Shook ("plaintiff") alleged that she hired Lynch & Howard and their employees ("L & H") in May 1996 to prepare "business valuations" on her husband's companies. At the time, plaintiff was in the process of obtaining a divorce from her husband, Michael G. Shook, and needed assistance valuing his financial holdings for equitable distribution proceedings. Defendants Thomas M. Miller, Maylon E. Little, and Homer G. Duncan, Jr. are accountants who worked at L & H and participated in preparing reports on the businesses. According to plaintiff, she rejected an equitable distribution settlement offer from her husband, because she relied on defendants' evaluations, which she contends were incorrect. Plaintiff and her husband settled "all matters in controversy" and entered a consent judgment resolving all equitable distribution issues on 27 May 1998.

After the entry of the Judgment of Equitable Distribution, plaintiff initiated this lawsuit against defendants. In her Amended Complaint, plaintiff alleged that:

22. As a direct and proximate result of the defendants' supplying the plaintiff with erroneous information and advice, the plaintiff was caused to suffer substantial compensatory injury and damage, including but not limited to the following: substantial handicap and detriment in the plaintiff's efforts to negotiate a settlement of the equitable distribution property dispute between the plaintiff and Mr. Shook; headache, nervous stomach, bodily illness, embarrassment, humiliation; severe mental and emotional distress; and loss of the economic benefit of a more favorable settlement offer because the defendants' erroneous accounting information and advice misled her to consider Mr. Shook's initial settlement proposal to be unreasonable when [] she would have evaluated said settlement proposal differently had she received the accurate and competent accounting advice to which she was entitled and for which she paid.

As a direct and proximate result of the defendants' wanton, multiple and gross negligent acts and omissions (and the defendants' wanton failure to timely recognize and correct such), the plaintiff has suffered compensatory damages in an amount substantially in excess of TEN THOUSAND DOLLARS ($10,000) . . . .

## SHOOK v. LYNCH & HOWARD, P.A.

[150 N.C. App. 185 (2002)]

Defendants each answered and asserted multiple affirmative defenses including judicial immunity or witness immunity, and *res judicata* or collateral estoppel. Defendants also filed motions to dismiss, motions for summary judgment, and motions for judgment on the pleadings. Plaintiff filed a "Motion for Findings of Fact" requesting "that the Court make findings of fact and conclusions of law in his rulings on the defendants [sic] motion for judgment on the pleadings, motions for summary judgment, and motion regarding the defense of collateral estoppel." The trial court denied plaintiff's motion, and granted defendants' motions concluding "that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law. Defendants' motions for summary judgment should be and hereby are ALLOWED on the basis of Defendants' affirmative defenses of testimonial immunity and collateral estoppel." Plaintiff appeals the granting of defendants' motion for summary judgment.

"It is well established that the standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, '(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.' " *Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000) (citations omitted), *aff'd*, 353 N.C. 445, 545 S.E.2d 210 (2001); *see also* N.C. R. Civ. Proc. 56 (1999). After conducting a review commensurate with the test described above, we conclude that summary judgment was appropriate.

In essence, plaintiff alleged that defendants were negligent. "In order to make out a claim for negligence, the party asserting negligence must show that defendant owed a duty to the plaintiff, breached that duty, and that such breach was an actual and proximate cause of plaintiff's injuries." *Jones v. GMRI, Inc.*, 144 N.C. App. 558, 566, 551 S.E.2d 867, 873 (2001), *cert. improv. allowed*, 355 N.C. 275, 559 S.E.2d 787 (2002). "[S]ummary judgment may be granted in a negligence action where there are no genuine issues of material fact and the plaintiff fails to show one of the elements of negligence." *Lavelle v. Schultz*, 120 N.C. App. 857, 859, 463 S.E.2d 567, 569 (1995), *disc. rev. denied*, 342 N.C. 656, 467 S.E.2d 715 (1996).

After reviewing the limited documentation provided in the record on appeal, we find that plaintiff failed to sufficiently allege or forecast all elements of a claim for negligence against defendants. "It is gen-

erally recognized that an accountant may be held liable for damages naturally and proximately resulting from his failure to use that degree of knowledge, skill and judgment usually possessed by members of the profession in a particular locality." *Snipes v. Jackson*, 69 N.C. App. 64, 73, 316 S.E.2d 657, 662, *disc. rev. denied*, 312 N.C. 85, 321 S.E.2d 899 (1984). Here the complaint alleges numerous breaches of the standard of care owed by the defendants-accountants to plaintiff. *See, e.g., Bartlett v. Jacobs*, 124 N.C. App. 521, 525, 477 S.E.2d 693, 696 (1996), *disc. rev. denied*, 345 N.C. 340, 483 S.E.2d 161 (1997). This Court noted in *Bartlett* that in a successful negligence claim against accountants, plaintiff offered evidence of the proper standard of care by introducing affidavits of individuals "experienced in accounting and familiar with the standard of care owed by an accountant." *Id.* No such affidavits appear in the record here and the allegations of the complaint alone do not withstand defendants' summary judgment motion and affidavits. *See id; see also* N.C. R. Civ. Proc. 56(e) (1999) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.").

Plaintiff also failed to allege or forecast the value of her injury or how defendants' breach of their duty to her proximately caused injury to plaintiff. In her affidavit, plaintiff states that "[m]y rejection of the $550,000 settlement offer made to me by my former husband, Michael G. Shook, was based on the erroneous information contained in the Lynch & Howard, P.A. valuation reports furnished to me prior to the court proceedings." Plaintiff does not indicate what she actually received in equitable distribution proceedings, nor does she forecast how she was harmed by rejecting the settlement offer in reliance on "erroneous information" from defendants. Thus, because plaintiff has failed to forecast essential elements of negligence, we conclude that the trial court properly ruled that there is no genuine issue of material fact as to plaintiff's allegations of negligence. Summary judgment was appropriate on this basis. *See Campbell v. City of High Point*, 144 N.C. App. 493, 495-97, 551 S.E.2d 443, 445-47, *aff'd*, 354 N.C. 566, 557 S.E.2d 529 (2001). Therefore, we do not reach defendants' arguments regarding judicial immunity or collateral estoppel, and regard the mention thereof in the trial court's order as "sur-

plusage." *See, e.g., United Virginia Bank v. Air-Lift Associates,* 79 N.C. App. 315, 323, 339 S.E.2d 90, 95 (1986) (noting that findings and conclusions in the trial court's order for summary judgment are surplusage and unnecessary to the appellate court's later determinations).

Affirmed.

Judges THOMAS and JOHN concur.