VASSIE DALLAS COOK v. COUNTY OF BURKE.

(Filed 22 November, 1967.)

1. **Counties § 9—**

Where a county is covered by a policy of liability insurance, the question of governmental immunity from suit from injuries caused by alleged negligence does not arise with reference to the validity of a judgment of nonsuit. G.S. 153-9(44).

2. **Same—**

The liability of a county for injuries sustained by a pedestrian falling on a public walk within the courthouse grounds is no more extensive than the liability of a city to a pedestrian falling upon a public sidewalk maintained by the city.

**3. Same.—**

    Plaintiff's evidence was to the effect that she fell to her injury when she slipped during a misty rain at a place on the courthouse walk where pigeon droppings had made the place slick. The evidence disclosed the county knew of the condition and had the walk periodically cleaned, and plaintiff offered no evidence as to how much time elapsed between the last cleaning of the walk and plaintiff's fall. *Held:* Nonsuit was properly entered, since reasonable care could not require the county to maintain a constant patrol of the walk.

APPEAL by plaintiff from *Campbell, J.,* at the May 1967 Civil Session of BURKE.

This is a suit for personal injuries alleged to have been received when the plaintiff slipped and fell upon a public walk controlled and maintained by the county in the Courthouse Square in the city of Morganton. The plaintiff alleges: She was walking upon the said walk on 15 June 1965, a light rain then falling; her foot slipped and she fell when she stepped upon an accumulation of pigeon droppings which had become slick and slippery due to the rain; the county was negligent in that its employees failed to use reasonable diligence in inspecting the walk, which would have disclosed its dangerous condition, and in failing to clean it; this negligence was the proximate cause of the plaintiff's fall and her resulting injuries; and the plaintiff presented her claim to the county commissioners but the county has refused to pay her for her injuries.

The answer denies all of the material allegations of the complaint and alleges, affirmatively, both that the plaintiff was guilty of contributory negligence, and that the county is immune from liability in that its alleged negligence was in the course of a governmental activity.

It is stipulated that at the time the plaintiff fell the county had in effect a policy of liability insurance.

At the close of the plaintiff's evidence, the defendant's motion for judgment of nonsuit was allowed. From this judgment the plaintiff appeals. The substance of her evidence is as follows:

At the time of her fall, she was 58 years of age. On 15 June 1965, she went to Morganton and to the courtroom with her husband, he being a witness in a case then on trial. Between 10 and 11 o'clock a.m., she left the courtroom and went out into the town on some business errands. Returning to the Courthouse Square, she went to a ladies' rest room maintained by the county. Intending to go from there to the courtroom, she walked upon the walkway in question. A light mist of rain was falling. It had been raining earlier that morning. Her foot slipped and she fell, injuring her knee. After falling, she observed that she had slipped upon pigeon droppings

which "covered a pretty good space" on the walk. Before she fell, "It just looked like trash and dirt, water standing there." The accumulation was the color of the pavement. Before she fell, "It looked like the pavement, looked like dirt on top of it. * * * It was brown, kind of like trash and leaves and dirt like mixed up, and covered over that manure." When she fell, she "could see it was mixed up in that dirt there." She "didn't notice the leaves and trash and other items on the pavement," but "just noticed what looked like pavement, brown looking, and it looked like trash and leaves." There were trash and leaves all along the walk. Before she fell, she could not see "whether there was anything else mixed up with it."

For many years pigeons have been flocking to the courthouse and roosting upon its ledges and under its eaves. At the place where the plaintiff fell, the pigeon droppings extend over an area about two feet square. At the time of her fall, there were puddles of water on the sidewalk and the wind was blowing leaves and debris onto the walk.

The commissioners had been aware of the problem presented by the pigeons roosting upon the courthouse and the resulting damage to the building. For several months they had tried various ways to keep the pigeons off of the building, but had not succeeded. They had instructed the custodian to keep the building as clean as possible and the chairman of the board felt that the custodian did as thorough a job of removing the pigeon droppings as he could. Prior to the day on which the plaintiff fell, the custodian of the building was instructed to clean the sidewalk regularly and he did so, sometimes more than once a day. The pigeons fly in and out all through the day.

*Simpson & Simpson for plaintiff appellant.*
*Byrd, Byrd & Ervin for defendant appellee.*

PER CURIAM. In view of the stipulation concerning liability insurance held by the county at the time of the plaintiff's fall, the question of governmental immunity from suit for such an occurrence does not arise with reference to the validity of the judgment of nonsuit. G.S. 153-9(44).

The liability of the county for injuries sustained by a pedestrian, falling upon a public walk within its courthouse grounds, would be no more extensive than that of a city to a pedestrian falling under similar circumstances upon a public sidewalk owned and maintained by the city. With reference to the liability of a city for such injuries, we recently said in *Waters v. Roanoke Rapids,* 270 N.C. 43, 153 S.E. 2d 783:

"To survive a motion for judgment of nonsuit, the plaintiff must introduce evidence sufficient to support these findings by the jury: (1) She fell and sustained injuries; (2) the proximate cause of the fall was a defect in or condition upon the sidewalk; (3) the defect was of such a nature and extent that a reasonable person, knowing of its existence, should have foreseen that if it continued some person using the sidewalk in a proper manner would be likely to be injured by reason of such condition; (4) the city had actual or constructive notice of the existence of the condition for a sufficient time prior to the plaintiff's fall to remedy the defect or guard against injury therefrom."

The plaintiff's evidence fails to show how much time elapsed between the last cleaning of the walk and the plaintiff's fall. There is no showing that the county knew or should have known of the presence upon the walk of the mixture of leaves, trash and pigeon droppings which caused the plaintiff to slip and fall. The county is not an insurer of the safety of the walks upon its courthouse grounds. It is not liable to one who falls thereon in the absence of a showing that it failed to use reasonable care to maintain the walk in a safe condition. Reasonable care does not require it to maintain a constant patrol of walkways outside its buildings in order to keep them free from bird droppings and windblown trash.

The plaintiff having failed to prove negligence by the county, the judgment of nonsuit was properly entered.

Affirmed.