JACQUELINE WILLIS, PLAINTIFF v. CITY OF NEW BERN, A MUNICIPALITY, DEFENDANT

No. COA99-768

(Filed 2 May 2000)

**Cities and Towns— fall on sidewalk—constructive notice of defect—summary judgment**

The trial court did not err by granting defendant city's motion for summary judgment in a negligence action based upon allegations that plaintiff was injured when she stumbled and fell on an improperly maintained sidewalk. The difference in elevation of the two adjacent sections of sidewalk was about one and one-quarter inch; plaintiff contended only constructive notice of the defect; defendant's Public Works Superintendent stated in an affidavit that he found no record of complaints of defects in that sidewalk for the four-year period prior to the accident and had no personal recollection of any complaints or requests for improvements to the sidewalks in that area; and plaintiff did not offer proof of any other factor which should have given the City constructive notice of a defect.

Appeal by plaintiff from order entered 17 February 1999 by Judge Clifton W. Everett, Jr., in Craven County Superior Court. Heard in the Court of Appeals 30 March 2000.

Jacqueline Willis (plaintiff) alleged in her complaint that on 3 May 1995, she was walking west on New Street in New Bern, North Carolina, near Centenary United Methodist Church. She alleges that she stumbled and fell on the sidewalk due to a defect in the concrete sidewalk. According to plaintiff's deposition, there were no eyewitnesses to the incident, and plaintiff did not report the fall to City officials. At the time of the fall, plaintiff was not suffering from physical problems or limitations. Plaintiff further stated that she was not looking at her feet, and did not see the elevation in the sidewalk before she fell.

Defendant is a municipal corporation organized pursuant to Chapter 160 of the North Carolina General Statutes. On 27 April 1998, plaintiff filed a complaint in Craven County, claiming defendant was negligent in failing to maintain properly its sidewalk, and alleging that such negligence proximately caused injuries to plaintiff in excess of $10,000.00. On 24 July 1998, defendant filed an answer denying that it was negligent, and alleging that plaintiff was contributorily negligent.

In support of its motion for summary judgment, defendant submitted an affidavit from Mr. Richard Morris, Public Works Superintendent for the City of New Bern, who stated that he maintains files of all complaints and requests for action that need to be taken with respect to sidewalks. He reviewed those files for the years 1991 through the end of May 1995, and found no record of complaints with respect to defects in the sidewalk in the area where plaintiff fell.

After a hearing, the trial court concluded that there were no genuine issues of material fact and granted defendant's motion for summary judgment. Plaintiff appealed, assigning error.

*Whitley, Jenkins & Riddle, by Robert E. Whitley, Jr., for plaintiff appellant.*

*McCotter, McAfee & Ashton, PLLC, by Rudolph A. Ashton, III, and Robert J. McAfee; and Ward, Ward & Davis, by A. D. Ward for defendant appellee.*

HORTON, Judge.

In North Carolina, a city is under a duty to keep the public streets, sidewalks, alleys, and bridges in proper repair. N.C. Gen. Stat. § 160A-296(a)(1) (1999). To prove a claim of negligent maintenance of its sidewalk against defendant,

> "the plaintiff must introduce evidence sufficient to support these findings by the jury: (1) She fell and sustained injuries; (2) the proximate cause of the fall was a defect in or condition upon the sidewalk; (3) the defect was of such a nature and extent that a reasonable person, knowing of its existence, should have foreseen that if it continued some person using the sidewalk in a proper manner would be likely to be injured by reason of such condition; (4) the city had actual or constructive notice of the existence of the condition for a sufficient time prior to the plaintiff's fall to remedy the defect or guard against injury therefrom."

*Cook v. Burke County*, 272 N.C. 94, 97, 157 S.E.2d 611, 613 (1967) (citation omitted).

"[S]ummary judgment may be granted in a negligence action where there are no genuine issues of material fact and the plaintiff fails to show one of the elements of negligence." *Lavelle v. Schultz*, 120 N.C. App. 857, 859, 463 S.E.2d 567, 569 (1995), *disc. review denied*, 342 N.C. 656, 467 S.E.2d 715 (1996). In *Bagwell v. Brevard*, 256 N.C. 465, 124 S.E.2d 129 (1962), the plaintiff fell and injured herself on a sidewalk in the Town of Brevard, and she sued the Town, alleging negligence. Our Supreme Court held that

> [t]he legal duty of defendant, a municipal corporation, is to exercise ordinary care to maintain its sidewalks in a reasonably safe condition for travel by those using them in a proper manner and with due care. It is not an insurer of the safety of its sidewalks.
>
> Here, the alleged defect or irregularity is a difference in elevation of approximately one inch between two adjacent concrete sections of the sidewalk. Defendant's failure to correct this slight irregularity did not constitute a breach of its said legal duty.

*Id.* at 466, 124 S.E.2d at 130. *See also Joyce v. City of High Point*, 30 N.C. App. 346, 226 S.E.2d 856 (1976) (the trial court properly entered summary judgment for defendants where the evidence tended to show that part of the sidewalk was elevated one to two inches; the

mishap occurred during the day when the sun was shining; the defect had been present for several years; and plaintiff did not see the defect until she fell).

Here, there is no evidence that defendant breached its duty to plaintiff. According to plaintiff's testimony in her deposition, the difference in elevation between the two adjacent sections of the concrete sidewalk at the spot where plaintiff fell, was about one and one-quarter inch. Plaintiff does not contend that defendant had actual notice of any defect in the sidewalk at the place of her fall, but contends that defendant should have had constructive notice of the defect. In response, defendant offered the affidavit of Mr. Morris, in which he stated that he found no record of any complaints for the four-year period prior to plaintiff's accident of any defects in the sidewalk on which plaintiff fell. Mr. Morris also stated in his affidavit that he had no personal recollection of any complaints or requests for improvements to the sidewalks in that area of New Street. The sidewalk in question was resurfaced by Centenary United Methodist Church in 1996, following damage to the area from Hurricane Bertha.

Further, plaintiff cannot offer proof of any factor which should have given the City constructive notice of a defect in its sidewalk. Plaintiff's affidavit reveals that she did not notice any defect in the sidewalk herself until after she had fallen.

> "The happening of an injury does not raise the presumption of negligence. There must be evidence of notice either actual or constructive. (Citing cases). The existence of a condition which causes injury is not negligence *per se*. (Citing a case). The doctrine of *res ipsa loquitur* does not apply in actions against municipalities by reason of injuries to persons using its public streets."

*Smith v. Hickory*, 252 N.C. 316, 318, 113 S.E.2d 557, 559 (1960) (citation omitted). When the party moving for summary judgment supports his motion as provided in Rule 56, the party opposing the motion

> "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

*Atkins v. Beasley,* 53 N.C. App. 33, 38, 279 S.E.2d 866, 870 (1981) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(e)). Plaintiff fails to offer any evidence that the City had either actual or constructive notice of any alleged defect in its sidewalk so as to create a genuine issue of material fact.

Because the trial court properly entered summary judgment on the issue of negligence, we need not reach the issue of plaintiff's alleged contributory negligence.

The judgment of the trial court is hereby

Affirmed.

Judges WYNN and SMITH concur.