* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Taylor with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly brought before the Industrial Commission, and the Commission has jurisdiction over the parties; *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
 * * * * * * * * * * * EXHIBITS ADMITTED
The following exhibits were admitted into evidence at the hearing before the Deputy Commissioner:
 1. Plaintiff's Exhibit 1 — Photo of road and broken concrete;
 2. Plaintiff's Exhibit 2 — Defendant's discovery responses;
 3. Plaintiff's Exhibit 3 — Correspondence;
 4. Plaintiff's Exhibit 4 — Photo of car;
 5. Plaintiff's Exhibit 5 — Repair bill;
 6. Defendant's Exhibit 1 — Aerial photo; and
 7. Defendant's Exhibit 2 — Citizen's Action Request.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 4, 2006, plaintiffs filed an Affidavit alleging that, on September 13, 2004, a broken piece of a traffic island was protruding into their lane of travel on Hope Valley Road in Durham, North Carolina. As a result of this allegedly protruding portion of the traffic island, plaintiffs claim that the tires and wheels on their vehicle were damaged. *Page 3 
2. Plaintiff Garland King (hereafter, "Mr. King") was driving the car at the time of the incident. His wife, Katherine P. King (hereafter, "Mrs. King") was in the front passenger seat.
3. Mr. King testified that he moved the car over to make way for a city bus which was merging into traffic.
4. Mrs. King saw that they were going to collide with the median prior to the collision and attempted to warn her husband.
5. Mr. King did not observe the drivers of any of the cars in front of his vehicle swerving or otherwise attempting to avoid an object in the lane of travel.
6. Mr. King reported the incident and damage to his vehicle to NCDOT on September 21, 2004.
7. Plaintiff's claim as damages public transportation, cab fares, cab fees, towing, aggravation and inconvenience. However, the only evidence of damages submitted and admitted into evidence are vehicle repair bills of $1,710.00.
8. There was a report of a detached piece of median in that general area the previous June; however, it was not at the same location. That broken piece was removed by NCDOT on June 4, 2004, over three months prior to this incident.
9. The September 21, 2004 call from Mr. King was the first and only evidence of any notice to NCDOT of a detached piece of median at that location.
10. Upon receiving notice on September 21, 2004, an NCDOT employee went to the site and removed the detached piece on September 22, 2004. He noted in his log that the piece was sticking out past the traffic island about six inches. *Page 4 
11. In a photograph, admitted into evidence, taken by the Kings prior to NCDOT's removal of the detached portion of the median, the detached piece is out of alignment with the rest of the median, but is not obstructing the lane of travel.
12. Plaintiffs have failed to prove by the greater weight that NCDOT had actual or constructive knowledge of any obstruction.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiffs filed this action pursuant to the Tort Claims Act, which allows persons to sue State departments or agencies for injuries caused by the negligence of State employees. Under the provisions of the Tort Claims Act, negligence is determined by the same rules that are applicable to private parties.
2. In order to recover on a civil claim for negligence, a plaintiff must show that: "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury." Bolkhir v. North Carolina StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900. In analyzing a claim for negligence, the court must determine (1) the legal duty, if any, owed by defendant to plaintiff; (2) if a legal duty is owed, did defendant breach the applicable standard of care; and (3) if there was a breach of the applicable standard of care, was such breach a proximate cause of injury to plaintiff. The issue of whether a legal duty is owed is a question of law. Carlson v. BB T, 123 N.C. App. 306,473 S.E.2d 631 (1996),disc. review denied, 345 N.C. 340, 483 S.E.2d 162 (1997). *Page 5 
3. In order to recover under the North Carolina Tort Claims Act, it is necessary that the Affidavit filed in support of the claim and the evidence offered before the Commission identify the employee alleged to have been negligent, and set forth the specific act or acts of negligence relied upon. Floyd v. Highway Commission, 241 N.C. 461,85 S.E.2d 703; Ayscue v. N.C. State Highway Comm., 270 N.C. 100,153 S.E.2d 823 (1967). Furthermore, without proof of negligence by the specific named employee, plaintiff may not recover. Woolard v. N.C. Department ofTransportation, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied,325 N.C. 230,381 S.E.2d 782 (1989). Plaintiffs failed to prove negligence on the part of a named alleged negligent employee.
4. In order to establish their claims of negligence, plaintiffs were also required to present evidence that the Department of Transportation had actual or constructive notice of the allegedly obstructing piece of median. See, Willis v. City of New Bern, 137 N.C. App. 762,529 S.E.2d 691 (2000). "The happening of an injury does not raise the presumption of negligence. There must be evidence of notice either actual or constructive." Smith v. Hickory, 252 N.C. 316, 318, 113 S.E.2d 557, 559
(1960) (citation omitted). Plaintiffs failed to prove by the greater weight that NCDOT had prior notice, either actual or constructive, of any obstruction at the scene of plaintiff's accident.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs have failed in their burden to provide evidence of negligence on the part of a named employee of Defendant. Therefore, plaintiffs' claim is DENIED. *Page 6 
2. Each party shall bear its own costs.
This the 30th day of June, 2008.
 S/___________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/___________________ DIANNE SELLERS COMMISSIONER