***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, reverses the Decision and Order of the Deputy Commissioner, and enters the following Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into in their Pre-trial Agreement and at the hearing as:
 STIPULATIONS
1. The parties are properly before the North Carolina Industrial Commission, and the North Carolina Industrial Commission has jurisdiction of the parties and of the subject matter of these proceedings. *Page 2 
2. The parties are correctly designated, and there is no question as to the mis-joinder or the non-joinder of any party.
 *********** ISSUES
The issues to be determined are:
1. What duty Defendant owed to Plaintiff?
2. Whether Defendant breached a duty that they owed to Plaintiff on March 1, 2007?
3. Whether Plaintiff was damaged due to a breach of duty by Defendant?
4. Whether Plaintiff is entitled to recover damages from Defendant?
 ***********
Based upon the competent and credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On June 29, 2007, Plaintiff filed an Affidavit seeking damages under the North Carolina Tort Claims Act against Defendant. The Affidavit alleged negligence on the part of Defendant, and further alleged that on March 1, 2007, Defendant's negligence caused damage to a tire and rim on Plaintiff's 2007 Ford Mustang in the amount of $431.03 when his vehicle struck "an enormous pothole" on Pleasant Grove Church Road, located near the Durham County/Wake County, North Carolina line. On July 26, 2007, Defendant filed an Answer and Motion to Dismiss denying the material allegations of Plaintiff's Affidavit.
2. On March 1, 2007 at approximately 7:30 p.m., Plaintiff was driving on Pleasant Grove Church Road en route to Goldsboro, North Carolina. At the time, it was dark, rainy, and there was oncoming traffic in the opposite lane of travel. Plaintiff encountered a large pothole, *Page 3 
which his rear tire struck, causing his vehicle to slide off of the roadway. Plaintiff testified, and the Full Commission finds as fact, that he was unable to avoid hitting the pothole, given the dark, rainy conditions at the time, the size and location of the pothole, and the oncoming traffic in the opposite lane of travel.
3. Plaintiff did not stop to check his rear tire after it struck the pothole until he arrived in Goldsboro. Plaintiff did not observe or drive over any other rough patches of roadway between the pothole on Pleasant Grove Church Road and his final destination in Goldsboro. Once Plaintiff reached his destination, he observed damage to his rear tire and rim.
4. On March 2, 2007, Plaintiff took photographs of the pothole that his rear tire struck on Pleasant Grove Church Road, and of the damage to his rear tire. While Plaintiff was on the shoulder of Pleasant Grove Church Road photographing the pothole, Transportation Supervisor Donald King was traveling on Pleasant Grove Church Road en route to check on a complaint about another road. Upon observing the pothole and Plaintiff, Mr. King pulled over to the shoulder of the road. Plaintiff informed Mr. King about the incident the day before in which his rear tire struck the pothole. Mr. King personally examined the pothole, called a road maintenance crew, and had the pothole repaired within an hour.
5. As part of his duties as a transportation supervisor, Mr. King is responsible for supervising and authorizing repairs and maintenance to Pleasant Grove Church Road. He testified that he tries to drive on every road assigned to him at least every two (2) weeks, and that as of March 2, 2007, "probably a couple of weeks" elapsed since the last time he drove on Pleasant Grove Church Road. Mr. King further testified that he just happened to be cutting through Pleasant Grove Church Road on his way to check another road on March 2, 2007, and that March 2, 2007 was the first time that he either observed or became aware of the pothole that *Page 4 
Plaintiff struck on Pleasant Grove Church Road. The Full Commission finds that Mr. King used ordinary diligence in inspecting Pleasant Grove Church Road.
6. Mr. King has experience in repairing and supervising the repair of thousands of potholes of different shapes and sizes. According to Mr. King, potholes form due to several causes, including increased traffic loads, drainage, and cold, wet weather. The time it takes a pothole to form varies depending upon the traffic load, weather, and other conditions the road undergoes. Mr. King testified that based upon his over 33 years of experience doing road maintenance for Defendant, the likelihood of this pothole on Pleasant Grove Church Road forming within a matter of days was "fifty-fifty," due to the heavy traffic load and recent cold weather that the road underwent. Mr. King did not think it was possible that it took months for this particular pothole to form.
7. Plaintiff's employee, Mr. Daniel Glen Smith, travels on Pleasant Grove Church Road to and from work "30 percent of the time." He traveled on the section of Pleasant Grove Church Road where Plaintiff struck the pothole approximately 10 times during the month of February 2007. Mr. Smith testified that the area of Pleasant Grove Church Road near where Plaintiff's rear tire struck the pothole is a very rough stretch of road. Mr. Smith could not state, however, that he recalled observing or having knowledge of the specific pothole that Plaintiff's tire struck. The Full Commission finds Mr. King's testimony to be credible.
8. In order to repair the damage to Plaintiff's 2007 Ford Mustang caused by the rear tire striking the pothole, Plaintiff had to purchase a new tire and rim and have them installed. Plaintiff produced receipts for these goods and services totaling $561.19.
9. The Full Commission finds, based upon the greater weight of the evidence, that the first actual or constructive notice that Defendant had of the pothole that Plaintiff struck on *Page 5 
Pleasant Grove Church Road was on March 2, 2007, when Mr. King observed it while en route to check on a complaint with another road. Defendant's inspection schedule for Pleasant Grove Church Road was reasonable and appropriate, based upon the road use, weather, and the knowledge and experience of Mr. King who was the transportation supervisor responsible for supervising and authorizing repairs and maintenance to that road.
10. Since Plaintiff has failed to prove that Defendant had either actual or constructive notice of the pothole on Pleasant Grove Church Road prior to the damage sustained to his rear tire, or that Defendant was negligent in its inspection of Pleasant Grove Church Road on or before March 1, 2007, Plaintiff has failed to prove that Defendant breached any duty Defendant may have owed to Plaintiff or that such breach was the proximate cause of the damages he sustained. Plaintiff has failed prove negligence on the part of Defendant or its agents.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. It is well-settled in North Carolina that "[t]he happening of an injury does not raise the presumption of negligence. There must be evidence of notice either actual or constructive." Willis v. City of NewBern, 137 N.C. App. 762, 765, 529 S.E.2d 691, 693 (2000). Actual notice occurs when a defendant has actual knowledge of a defect, while constructive notice occurs when a defendant should have known of a defect through ordinary diligence. Smith v. City of Hickory,252 N.C. 316, 319, 113 S.E.2d 557, 559 (1960).
2. In the case at bar, Plaintiff has not established that Defendant had actual or constructive notice of the pothole located on Pleasant Grove Church Road near the Durham County/Wake County, North Carolina line on or before March 1, 2007, or that Defendant was *Page 6 
negligent in its inspection of Pleasant Grove Church Road on or before March 1, 2007. Therefore Plaintiff has not proven Defendant was negligent in its inspection and repair of Pleasant Grove Church Road. Consequently, Defendant is not liable for any damage sustained by Plaintiff when his rear tire struck the pothole at issue herein.Willis, 137 N.C. App. 762, 529 S.E.2d 691 (2000).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for damages against Defendant is DENIED.
2. Plaintiff shall pay the costs of these proceedings.
This the __ day of April, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER